**Clifford N. HERBERT, Plaintiff-Appellee,**

v.

**MOBIL OIL CORPORATION, a corporation, Defendant-Appellant.**

No. 71–2602.

United States Court of Appeals, Ninth Circuit.

June 29, 1973.

Rehearing Denied Aug. 27, 1973.

Harry P. Thomson, Jr. (argued), John M. Kilroy, of Shughart, Thompson & Kilroy, Kansas City, Mo., Anderson, Symmes, Forbes, Peete & Brown, Billings, Mont., for defendant-appellant.

Roland V. Colgrove (argued), Miles City, Mont., Alan F. Cain, of Hughes & Bennett, Helena, Mont., for plaintiff-appellee.

Before BARNES and CHOY, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

This is an appeal from a judgment entered against defendant Mobil Oil Corporation (herein Mobil), in the sum of $75,245.15, after a jury verdict in a personal injury diversity case, and the trial judge's denial of a new trial. The accident occurred on March 2, 1968; the case was tried on June 1st, 8th, 9th, and 10th, 1971, in Billings, Montana.

The sole error urged is the refusal of the trial court to admit certain hospital records, both on the plaintiff's direct examination (those of Billings Clinic and Forsythe Hospital); and (after the Billings records were admitted as part of defendant's case (R.T. 444)) because of the court's refusal to admit the remaining portion thereof (Forsythe records) during the defendant's case.

The issue herein is clouded because of insistence by appellant's counsel that appellee's counsel "waived" both "foundation and identification" for these hospital records, relying on R.T. 347 for Ex. F. and F(1); and R.T. 446 and 354–7 for Ex.L. (Brief, p. 10) and (Brief, p. 8). It seems clear only that appellee's counsel waived any authentication of the records from the particular hospitals named, but made and preserved his objection as to their relevancy (R.T. 341 to 347, 356), due to the fact that they antedated the accident by 6 and 10 years, respectively. This clearly was the belief of the trial judge (C.T., p. 424; and p. 4, paragraph 2 of Order on Motion for New Trial).

From a perusal of the record as a whole, rather than through individual references to it, we agree that no objection to the relevancy of the records—either (a) as to the particular areas of plaintiff's body injured in the accident as related to the location of alleged pre-

---

* Honorable W. D. Murray, Sr., United States District Judge of Montana, sitting by designation.

vious injuries, or (b) the lapse of time —was waived by appellee's counsel; although the language he used was somewhat careless.

On the appellant's case in chief, the defendant-appellant introduced into evidence Ex. F. (the Billings Clinic, 1962 records); but did not offer Ex. F(1), the x-rays attached thereto, nor was any attempt made to lay a foundation for the introduction of Ex. L. (Forsythe Hospital's 1958 records).

The latter *non-introduced* records (Ex. L.) had a final diagnosis of "Possible Poliomyelitis Mild"; and treatment was largely hot packs, antibiotics, and pain killing drugs. The hospital records *introduced* (Ex. F) showed complaints of abdominal pain, and the diagnosis (written by Dr. Moh's of the hospital) to Dr. Danner, appellee's personal physician, concluded "low back strain", a questionable disc at the L(umbar)–4. L–5 level, and "evidence of muscular spasm with straightening of the lumbar spine."

Dr. Danner, the appellee's doctor, testified the appellee was operated upon for a "regional ileitis" in 1962, and was treated with ultrasonic heat to an injured "upper back and neck" after a fall in 1963. In 1965, Dr. Danner gave plaintiff two physical examinations for truck driving, in July and November, 1965, and found him in good general health.

Without going into great detail, we note that the most relevant and significant testimony relating to any back injury of plaintiff, claimed by defendant to have existed prior to plaintiff's fall on defendant's property, was introduced into evidence. We note also that Dr. Carty, who examined plaintiff on behalf of the defendant a year after the accident, supported plaintiff's claim of recent back injury. He certainly could have been recalled, had he been wanted. No offer of proof was made, either by expert testimony or otherwise, to connect up the non-introduced evidence and the plaintiff's complaints at the time of trial, or to support a theory that the "possible poliomyelitis" did, or might, or

could, continue or affect the plaintiff's back, after 1962.

We think it might well be a close question in many personal injury suits whether *any* previous written record of injury may not be admissible to impeach a person claiming injury, provided he denied any previous injury, and the injuries were relevant to those claimed in the suit. The trial court must have discretion in determining the relevancy of a claimed previous injury to the injury claimed by the plaintiff in the law suit. One injury may be relevant if occurring within a year; one not. One might be relevant ten years earlier, dependant (at least in part) on the history during that interval; while another not. Evidence must always be relevant to be admissible. Winston v. United States, 342 F.2d 715 (9th Cir.1965). *Cf.* United States v. Baker, 419 F.2d 83, 84 (2nd Cir.1969) and Comm. Ins. Co. v. Orr, 379 F.2d 865, 874 (8th Cir.1967).

Again, the physical location of a claimed previous injury is material, and its relevance must be established. Usually this is done by the person making or supervising the making of the hospital records, or preferably, by the treating physician. Defendant had the opportunity as part of his defense to recall either or both of the two doctors, who first testified (Allard and Carty) to have them establish the relevancy of the earlier records. Although Dr. Allard was held available (R.T. 373–374), he was not recalled. Some of the x-ray records sought to be placed in evidence by defendant during the plaintiff's case were not re-offered during defendant's case. No adequate offer of proof was made during the defense with respect to records refused.

We find no clearly erroneous ruling by the trial judge, and if the exercise of his discretion might be judged as error, we find under the circumstances of this case, there was no prejudicial error in his refusal to permit Ex. L in evidence. Rule 61, Fed.R.Civ.Proc.

No other error being claimed, we affirm.